## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JACOB WHEELER,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>CONFORMIS, INC., KENNETH FALLON III, MARK AUGUSTI, CARRIE BIENKOWSKI, GARY P. FISCHETTI, PHILIP W. JOHNSTON, and BRAD LANGDALE,<br><br>　　　　　　Defendants. | Case No. _____<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff Jacob Wheeler ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

### NATURE AND SUMMARY OF THE ACTION

1.　This is a stockholder action brought by Plaintiff against Conformis, Inc. ("Conformis" or the "Company") and the members of Conformis' Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the Board's attempt to sell Conformis to restor3d, Inc. ("restor3d") (the "Proposed Transaction").

2. On June 22, 2023, Conformis entered into an Agreement and Plan of Merger with restor3d and its indirect, wholly owned subsidiary, Cona Merger Sub Inc. ("Merger Sub") (the "Merger Agreement"). Pursuant to the terms of the Merger Agreement, restor3d will acquire Conformis for $2.27 in cash, for each share of Conformis common stock.

3. On July 24, 2023, the Board authorized the filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. Specifically, the Proxy Statement, which recommends that Conformis stockholders vote their shares in favor of the Proposed Transaction, contains materially incomplete and misleading information concerning, among other things: (i) the Company's financial projections; (ii) the financial analyses that support the fairness opinion provided by the Company's financial advisor, UBS Securities LLC ("UBS"); and (iii) potential conflicts of interest faced by UBS and Company insiders.

4. The failure to adequately disclose such material information constitutes a violation of Sections 14(a) and 20(a) of the Exchange Act as Conformis stockholders need such information in order to make a fully informed decision in connection with the Proposed Transaction.

5. The special meeting for Conformis stockholders to vote on the Proposed Transaction is currently scheduled for August 31, 2023. It is imperative that such Exchange Act violations are promptly cured to enable Plaintiff and Conformis' other shareholders to make an informed decision whether to vote their shares in favor of the Proposed Transaction. Therefore, Plaintiff seeks to enjoin the stockholder vote unless and until such Exchange Act violations are cured.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District. Conformis' common stock trades on the Nasdaq Capital Market, which is headquartered in this District, rendering venue in this District appropriate.

## THE PARTIES

9. Plaintiff is, and has been at all relevant times, the owner of shares of Conformis common stock.

10. Defendant Conformis is a Delaware corporation, with its principal executive offices located at 600 Technology Park Drive, Billerica, Massachusetts 01821. Conformis' shares trade on the Nasdaq Capital Market under the ticker symbol "CFMS."

11. Defendant Kenneth Fallon III has been Chairman of the Board and a director of the Company at all relevant times.

12. Defendant Mark Augusti ("Augusti") has been Chief Executive Officer, President, and a director of the Company at all relevant times.

13.  Defendant Carrie Bienkowski has been a director of the Company at all relevant times.

14.  Defendant Gary P. Fischetti has been a director of the Company at all relevant times.

15.  Defendant Philip W. Johnston has been a director of the Company at all relevant times.

16.  Defendant Brad Langdale has been a director of the Company at all relevant times.

17.  Defendants identified in paragraphs 11-16 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**Background of the Company**

18.  Conformis is a medical technology company that develops, manufactures, and sells patient-specific products and instrumentation. The Company offers personalized knee replacement products, including iUni, iDuo, iTotal CR, and iTotal PS, as well as provides iTotal Identity and Identity Imprint knee replacement products. It also offers Conformis Hip System and Cordera hip replacement, which are hip replacement products, and iJigs, a personalized single-use patient-specific instrumentation. Conformis markets and sells its products to orthopedic surgeons, hospitals, and other medical facilities through sales force, independent sales representatives, and distributors.

**The Proposed Transaction**

19.  On June 22, 2023, Conformis announced that it had entered into the Proposed Transaction, stating, in relevant part:

> DURHAM, N.C. and BILLERICA, Mass., June 22, 2023 (GLOBE NEWSWIRE) -- restor3d, Inc. and Conformis, Inc. (NASDAQ: CFMS) announced today that they

have entered into a definitive merger agreement under which restor3d, a leading personalized 3D-printed orthopedic company, will acquire all outstanding shares of common stock of Conformis at $2.27 per share in cash, which represents an approximate 96 percent premium to the closing price of Conformis stock on June 22, 2023.

"This combination will create a leading personalized 3D-printed medical device company. Together, we share a common belief in the power of personalization. By leveraging the strengths in our respective portfolios around artificial-intelligence-driven implant design, digital automation, and 3D printed osseointegrative biomaterials, we see tremendous opportunity to offer clinically differentiated and cost-effective solutions across the orthopedic landscape, including shoulder, foot & ankle, spine, and large joints," stated Kurt Jacobus, Chief Executive Officer of restor3d.

"After nearly 20 years of revolutionizing the orthopedic industry with personalized treatment and patient choice, this transaction is a testament to the value of our portfolio and the strength of our core technology and intellectual property," said Mark Augusti, Chief Executive Office at Conformis. "Following a diligent and thoughtful process, the Board has unanimously approved this transaction, which delivers positive benefits to all of our stakeholders. We are excited to enter the next chapter for Conformis with restor3d, which allows us to continue helping patients live productive lives after knee or hip surgery and providing the surgeon community with innovative products and services."

Conformis' Board of Directors, having determined that the transaction is in the best interests of the company's stockholders, has unanimously approved the transaction. The closing of this transaction is expected by the end of Q3 2023 and is subject to approval by Conformis' stockholders and other customary closing conditions.

**Advisors**

UBS Investment Bank is serving as financial advisor to Conformis, and Hogan Lovells US LLP is serving as its legal counsel. Jones Day is serving as legal counsel to restor3d.

**The Materially Incomplete and Misleading Proxy Statement**

20.     On July 24, 2023, the Board caused to be filed a materially incomplete and misleading Proxy Statement with the SEC. The Proxy Statement, which recommends that Conformis stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading

information, concerning: (i) the Company's financial projections; (ii) the financial analyses that support the fairness opinion provided by the Company's financial advisor, UBS; and (iii) potential conflicts of interest faced by UBS and Company insiders.

*Material Misrepresentations and/or Omissions Concerning Conformis' Financial Projections*

21. The Proxy Statement fails to disclose material information concerning the financial projections for the Company.

22. For example, with respect to the Company's "Projections," the Proxy Statement fails to disclose all line items underlying: (i) Adjusted EBITDA; (ii) EBITDA; (iii) EBIT; and (iv) Unlevered Free Cash Flow.

*Material Misrepresentations and/or Omissions Concerning UBS' Financial Analyses*

23. The Proxy Statement fails to disclose material information concerning UBS' financial analyses.

24. With respect to UBS' *Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose a quantification of: (i) the Company's estimated standalone NTM revenue as of fiscal year-end 2027; (ii) the Company's terminal values; (iii) the inputs and assumptions underlying the discount rates ranging from 20.00% and 22.00%; (iv) net debt; (v) the Company's fully diluted outstanding shares; and (vi) with respect to the "DCF – Capital Raises Through 2027" analysis, (a) the amounts of the additional mid-year capital raises throughout the length of the business plan through December 31, 2027, and (b) the corresponding assumed share prices, each as provided by Conformis management.

25. With respect to UBS' *Selected Public Companies Analysis*, the Proxy Statement fails to disclose: (i) the identifications of the companies observed; (ii) the individual multiples and

financial metrics for each of the selected companies analyzed by UBS; (iii) net debt; and (iv) the Company's fully diluted outstanding shares.

26. With respect to UBS' *Selected Precedent Transactions Analysis*, the Proxy Statement fails to disclose: (i) the identifications of the respective companies and transactions observed; (ii) the individual multiples and financial metrics for each of the selected transactions analyzed by UBS; (iii) net debt; and (iv) the Company's fully diluted outstanding shares.

27. With respect to UBS' *Analysts Price Targets for Conformis* analysis, the Proxy Statement fails to disclose: (i) the individual price targets observed; and (ii) the sources thereof.

28. With respect to UBS' *Premiums Paid Analysis*, the Proxy Statement fails to disclose: (i) the identities of the transactions observed; and (ii) the individual premiums observed for each transaction.

*Material Misrepresentations and/or Omissions Concerning UBS' and Company Insiders' Potential Conflicts of Interest*

29. The Proxy Statement fails to disclose material information concerning potential conflicts of interest faced by UBS.

30. Specifically, the Proxy Statement fails to disclose the details of any services UBS provided to the Company, restor3d, or their respective affiliates, in the two-year period preceding its fairness opinion on the Proposed Transaction, and any related compensation received by UBS. Notably, according to UBS' fairness opinion letter, which is annexed to the Proxy Statement as Annex B, "UBS and / or its affiliates may have provided services unrelated to the Transaction to the Company and its affiliates and/or [restor3d] and its affiliates and received compensation for such services." Proxy Statement at B-1. Similarly, the Proxy Statement sets forth, "on June 21, 2023, the Company received a letter from UBS disclosing certain relationships with the Company, restor3d and/or certain of their respective affiliates." *Id.* at 33. Yet, the Proxy Statement fails to

7

disclose UBS' relationships with the Company, restor3d and/or certain of their respective affiliates.

31. The Proxy Statement also fails to disclose material information concerning potential conflicts of interest faced by Company insiders.

32. Specifically, the Proxy Statement fails to disclose whether any members of Company management have secured, or are expected to secure, positions with the post-close company. Notably, the June 22, 2023 press release announcing the Proposed Transaction quoted the Company's President and Chief Executive Officer defendant Augusti as stating, "[w]e are excited to enter the next chapter for Conformis with restor3d, which allows us to continue helping patients live productive lives after knee or hip surgery and providing the surgeon community with innovative products and services."

33. The Proxy Statement also fails to disclose whether any of restor3d's proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation. The Proxy Statement similarly fails to disclose the details of any employment and retention-related discussions and negotiations that occurred between Conformis insiders and restor3d, who participated in all such communications, when they occurred and their content.

34. In sum, the omission of the above-referenced information renders statements in the "Certain Conformis Unaudited Prospective Financial Information," "Opinion of UBS Securities LLC," "Background of the Merger," and "Interests of the Conformis' Directors and Executive Officers in the Merger" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of Conformis will be unable to make

8

a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Conformis**

35. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

36. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. Conformis is liable as the issuer of these statements.

37. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

38. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

39. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

40. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

41. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

42. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

43. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

44. The Individual Defendants acted as controlling persons of Conformis within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Conformis and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

45. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

46. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of

the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

47. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

48. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Conformis, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction, including the stockholder vote on the Proposed Transaction, unless and until defendants disclose the material information identified above which has been omitted from the Proxy Statement;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Directing the Individual Defendants to file a Proxy Statement that does not contain any untrue statements of material fact;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

Dated:  August 8, 2023                              **ACOCELLI LAW, PLLC**

                                         By   */s/ Richard A. Acocelli*
                                              Richard A. Acocelli
                                              33 Flying Point Road, Suite 131
                                              Southampton, NY 11968
                                              Tel: (631) 204-6187
                                              Email: racocelli@acocellilaw.com

                                              *Attorneys for Plaintiff*